UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TOUSANI C. TATUM,

    Petitioner,

v.                                                          Case No. 18-cv-1898-pp

PAUL KEMPER,

    Respondent.

**ORDER DENYING WITHOUT PREJUDICE RESPONDENT'S MOTION TO DISMISS (DKT. NO. 8) AND ORDERING PETITIONER TO FILE STATUS REPORT ON MIXED PETITION**

On December 3, 2018, the petitioner, who represents himself, filed a petition for a writ of *habeas corpus*, challenging his 2015 sentence in Waukesha County Circuit Court for manufacturing and delivering cocaine. Dkt. No. 1. After this court screened the petition, the respondent filed a motion asking the court to dismiss the petition, arguing that the petitioner procedurally defaulted his claims because the last state court's decision denied his claims on independent and adequate state law grounds. Dkt. No. 8, 9. The court will deny that motion without prejudice because the court has discovered that the petitioner has presented a "mixed" petition. It will give the petitioner thirty days to tell the court how he wants to proceed.

**I.**     **Background**

    **A.**     <u>Underlying State Case</u>

On June 1, 2012, the State of Wisconsin charged the petitioner with six drug trafficking offenses. <u>State v. Tousani C. Tatum, Sr.</u>, Waukesha County

1

Case No. 2012CF00687, available at https://wcca.wicourts.gov/. Almost five months later, on October 25, 2012, the petitioner pled guilty to count one and the state dismissed but read in counts two through six. Id. The court set sentencing for January 11, 2013. Id. The petitioner did not appear at the January 11, 2013 hearing and his pre-sentence investigation report could not be completed because the petitioner had not complied with the investigator. Id. The Waukesha County judge issued a warrant for the petitioner's arrest. Id.

The petitioner absconded from Wisconsin after pleading guilty and was apprehended in Illinois on February 19, 2015. Dkt. No. 1-1 at 17 (Wisconsin Court of Appeals' opinion). The petitioner appeared for a new sentencing hearing in Waukesha County on July 15, 2015. Id. The judge sentenced the petitioner to seven and a half years of initial confinement followed by five years of extended supervision, for a total sentence of twelve and a half years. Id.; see also State v. Tousani, Waukesha County Case No. 2012CF00687, available at https://wcca.wiscourts.gov/. On July 24, 2015, the petitioner, through counsel, filed a notice of intent to pursue postconviction relief. State v. Tousani, Waukesha County Case No. 2012CF00687, available at https://wcca.wiscourts.gov/. On April 26, 2016, the petitioner filed a motion for re-sentencing and a motion for sentence modification. Id. The circuit court denied those motions without an evidentiary hearing in an order dated July 6, 2016. Id.; see also Dkt. No. 1-1 at 1-15. The petitioner appealed that denial, and the Wisconsin Court of Appeals denied relief on December 13, 2017. Dkt.

Id. at 16. The Wisconsin Supreme Court denied discretionary review on April 9, 2018. Id. at 23.

B. Federal *Habeas* Petition

The petitioner's December 3, 2018 federal *habeas* petition challenged his twelve-and-a-half-year sentence. Dkt. No. 1. Magistrate Judge Nancy Joseph screened the petition on December 7, 2018 and allowed him to proceed, writing that he had stated grounds for a claim of ineffective assistance of counsel and a claim of sentencing based on inaccurate information. Dkt. No. 4 at 2.

The petitioner's first ground for relief is ineffective assistance of "trial" (in this case, sentencing) counsel. Dkt. No. 2. The petitioner observes that, at sentencing, he had only seven minutes to review his pre-sentence investigation report and his counsel told him to review only the conviction history (as opposed to the rest of the report). Id. at 3. The petitioner says that this inadequate review harmed him because he did not spot the inaccuracies in the other parts of the PSR—inaccuracies that the petitioner says the sentencing judge relied on to sentence him. Id. The petitioner's second ground for relief argues that the sentencing judge used the COMPAS risk assessment tool as determinative of the petitioner's sentence. Id. at 7-8.

The petitioner's brief also identifies a third ground for relief: ineffective assistance of appellate counsel. Id. at 9. He states, "[a]lthough this issue of ineffective assistance during a Court of Appeals appeal review has not been raised prior to petitioning this Supreme Court for review[,] [p]etitioner believes that this is a right forum for raising ineffective assistance during review for the

3

Court of Appeals by appeals counsel." Id. at 9. The petitioner faults his appellate counsel for (a) not presenting the appellate court with documents which allegedly proved that the sentencing judge was confused about the petitioner's real name; (b) not presenting the appellate court with a copy of the writ to produce the body from June 1, 2016, which could have showed the appellate court that the petitioner was "not a liar" and was willing to cooperate in the state's investigation in another case; and (c) not presenting the appellate court with documented proof that the petitioner had not failed his treatment programs. Id. The court notes that this portion of the petitioner's brief may be recycled from his brief to the Wisconsin Supreme Court. He consistently refers to "this Supreme Court" in making his arguments. The last section of his brief, however, has a "Jurisdiction Argument" which cites 28 U.S.C. §2254 and appears to demonstrate an understanding that he is arguing to a federal district court for a writ of *habeas corpus*. Dkt. No. 2 at 13-14.

On February 5, 2019, the respondent filed a motion to dismiss, dkt. no. 8, together with a brief, dkt. no. 9, and a supporting exhibit, dkt. no. 9-1. The petitioner responded, dkt. no. 11, and the respondent replied, dkt. no. 12. On May 20, 2019 the petitioner filed—without permission—a sur-reply brief. Dkt. No. 13.

### C. Respondent's Motion to Dismiss (Dkt. No. 8)

The respondent contends that the court should dismiss the petition because the claims are procedurally defaulted. Dkt. No. 9 at 2. He argues that

4

the Wisconsin Court of Appeals "expressly refused" to hear the petitioner's claims on the basis of State v. Allen, 274 Wis. 2d 568 (2004), a case which affords a circuit court discretion to deny a hearing on insufficiently pled claims in a post-conviction motion. The respondent does not distinguish between the different grounds in the petitioner's *habeas* petition, nor does he mention the fact that the Wisconsin Court of Appeals' decision did not consider the petitioner's claim for ineffective assistance of appellate counsel.

The petitioner's response rejects the respondent's assertion that his claims are procedurally defaulted; he argues that he presented his claims to the circuit court and the appellate court and that he filed a petition for review in the Wisconsin Supreme Court. Dkt. No. 11 at 11. He asserts that the Court of Appeals and the circuit court ruled on the merits of his claims, which means that this federal court can consider the claims on the merits. Id. at 9.

## II.     Analysis

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEPDA"), state prisoners are required to "exhaust" the remedies available to them in the state court system before a district court will consider the merits of constitutional claims in a federal *habeas* petition. 28 U.S.C. §2254(b)(1)(A). To exhaust his claims, "[a] petitioner must raise his constitutional claims in state court 'to alert fairly the state court to the federal nature of the claim and to permit that court to adjudicate squarely that federal issue.'" Weddington v. Zatecky, 721 F.3d 456, 465 (7th Cir. 2013) (quoting Villanueva v. Anglin, 719 F.3d 769, 775 (7th Cir. 2013). A claim is not "exhausted" if the petitioner did

5

not present the claim to each appropriate state court. Baldwin v. Reese, 541 U.S. 27, 29 (2004). Nor is a claim "exhausted" if the petitioner still "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. §2254(c). A claim *may* be exhausted if "circumstances exist" that render the available state court process "ineffective to protect the rights of the applicant." 28 U.S.C. §2254(b)(1)(B)(ii).

It does not appear that the petitioner presented his claim for ineffective assistance of appellate counsel to every level of the Wisconsin state courts. For the purposes of this order, the court takes the petitioner at his word that he presented the ineffective assistance of appellate counsel argument to the Wisconsin Supreme Court for discretionary review.[1] In the petitioner's brief supporting this *habeas* petition, he concedes that he did not present his argument to the Court of Appeals—which makes sense, given that his ineffective assistance of appellate counsel claim could not have accrued until after his appeal. Dkt. No. 15. But that doesn't excuse the petitioner from the requirement that he exhaust his available remedies in the Wisconsin state courts. Raising an argument in his brief to the Wisconsin Supreme Court is not

---

[1] The court cannot be sure because it has only the first three pages of the petitioner's petition for review in the Wisconsin Supreme Court. Dkt. No. 11 at 74-77. The first pages indicate that one of the issues the petitioner presented for review was "whether the court of appeals or the supreme court has authority to review and rectify an error by a appeals counsel who is being deliberate or clearly ineffective during direct appeal, and whether the issue can be raised first in the supreme court?" Id. at 76.

enough to "fairly present" the constitutional claim; he must raise the claim in "each appropriate state court." Baldwin, 541 U.S. at 29.

In Wisconsin, a person may challenge the effectiveness of his appellate counsel through a petition to the Wisconsin Court of Appeals under State v. Knight, 168 Wis. 2d 509 (Wis. 1992). Nowhere in the petitioner's filings on this docket has he attached a Knight petition. The court recently checked the Wisconsin Court of Appeals' public docket; it does not appear that the petitioner has filed a Knight petition since April of 2018. WISCONSIN SUPREME COURT AND COURT OF APPEALS ACCESS, available at https://wscca.wicourts.gov (last visited March 16, 2020). Perhaps the petitioner has filed a Knight petition in state court, and this court missed it. Perhaps he has chosen not to file a Knight petition for some reason; that would be his right. Perhaps he would like the opportunity to file a Knight petition and wants this court to delay its ruling until he can do that. The court does not know. But because it appears that the petitioner yet has an available state procedure by which to raise his ineffective assistance of appellate counsel argument, this ground of the petitioner's federal *habeas* petition is unexhausted.

That means that the petitioner's petition is a "mixed" petition—a petition that contains both exhausted claims and unexhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982) ("mixed petitions" are petitions that contain both exhausted and unexhausted claims). A federal court "may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims." Rhines v. Weber, 544 U.S. 269, 273 (2005). When the

7

Supreme Court issued Lundy, it required district courts to dismiss "mixed petitions" without prejudice and allow the petitioners to go back to state court and exhaust their unexhausted claims. Id. (citing Lundy, 455 U.S. at 522). About fifteen years later, however, Congress passed AEDPA, which required an inmate to file a federal *habeas* petition within one year of the date on which the state court judgment becomes final. Id. (citing 28 U.S.C. §2244(d)). Recognizing that if a district court *dismissed* a "mixed petition" and required the petitioner to go back to state court, the petitioner might be barred from returning to federal court by the AEDPA statute of limitations, the Supreme Court concluded that a district court could, if it chose to, *stay* the federal *habeas* case (rather than dismissing it) and allow the petitioner to go back to state court without losing his ability to seek federal *habeas* review. Id. at 276 (citations omitted).

The Supreme Court cautioned, however, that "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 277. Even if a petitioner shows good cause, "the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." Id.

The court will give the petitioner a chance to tell the court what he wants to do. The petitioner has four options. First, the petitioner can ask the court to dismiss his entire petition without prejudice while he returns to state court to litigate his unexhausted ineffective assistance of appellate counsel claim. If he

8

asks the court to do that, the petitioner runs the risk of the statute of limitations running out on his two exhausted claims. Second, the petitioner can ask the court to dismiss only his unexhausted claim for ineffective assistance of appellate counsel and proceed with his federal *habeas* petition on the two exhausted grounds remaining. Third, the petitioner could ask the court to stay his federal *habeas* petition while he litigates his ineffective assistance of appellate counsel arguments in state court. If he wishes to proceed under this option, the petitioner will need to convince this court that there is good cause for the stay. Fourth, the petitioner has the option to argue that, under his circumstances, a Knight petition would be ineffective in protecting his rights. The court cannot give the petitioner legal advice on which option he should pursue; the choice is his alone.

The court will give the petitioner an opportunity to tell the court how he would like to proceed. If the petitioner would like to file a Knight petition (and would like the court to delay its ruling on this federal petition until the state courts decided his ineffective assistance of appellate counsel argument), he must show this court good cause to stay the federal petition. He also must provide proof that he has filed a Knight petition in state court. If the petitioner wishes to dismiss his entire petition or wishes to dismiss his unexhausted claim, he should file a status report informing the court of his wishes. If the petitioner intends to argue that a Knight petition would be ineffective, he should file a status report demonstrating why his circumstances qualify under

9

28 U.S.C. §2254(b)(1)(B)(ii). If the petitioner doesn't notify the court which of these options he wants to pursue, the court will dismiss the petition.

As it stands, the petitioner's claim for ineffective assistance of appellate counsel is unexhausted and it appears that the petitioner has an avenue to exhaust this claim, a petition under State v. Knight. The court must resolve the "mixed" nature of the petitioner's *habeas* petition before it will consider the respondent's arguments for procedural default based on adequate and independent state law grounds. The court will deny the respondent's motion to dismiss without prejudice. If the petitioner decides to forego his third ground for relief, the respondent may renew the motion to dismiss. If the petitioner decides to file a Knight petition and shows good cause to stay this case pending the resolution of those proceedings, the respondent will need to evaluate whether to change his arguments. If the petitioner decides to argue that a Knight petition would be ineffective, the respondent may respond to that argument. In any event, it is premature for the court to entertain the petitioner's procedural default arguments.

## IV. Conclusion

The court **DENIES WITHOUT PREJUDICE** the respondent's motion to dismiss. Dkt. No. 8.

The court **ORDERS** that by the end of the day on **May 15, 2020**, the petitioner shall file a status report explaining how he would like to proceed with

10

Case 2:18-cv-01898-PP   Filed 03/31/20   Page 10 of 11   Document 14

his mixed petition. If the court does not receive the petitioner's report by the end of the day on May 15, 2020 ,the court may dismiss the petition.

Dated in Milwaukee, Wisconsin this 31st day of March, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**