UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TOUSANI C. TATUM,

    Petitioner,

v.                                                                                    Case No. 18-cv-1898-pp

SUPERINTENDENT LISA M. AVILA,

    Respondent.

---

**ORDER DISMISSING INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL CLAIM AND SETTING BRIEFING SCHEDULE**

---

      On December 3, 2018, the petitioner, who is incarcerated in Sturtevant Transitional Facility and representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254 challenging his 2015 conviction in Waukesha County Circuit Court for manufacturing and delivering cocaine. Dkt. No. 1. On March 31, 2020, the court denied the respondent's motion to dismiss and ordered the petitioner to inform the court how he would like to proceed. Dkt. No. 14. On August 17, 2020, the petitioner "ask[ed] the court to make a ruling on all issues exhausted." Dkt. No. 19. This order dismisses the petitioner's unexhausted ineffective assistance of appellate counsel claim and describes the next steps in the case.

      A.    <u>Background</u>

      The petitioner filed his federal *habeas* petition on December 3, 2018. Four days later, Magistrate Judge Nancy Joseph screened the petition under

1

Rule 4 of the Rules Governing Section 2254 Cases. Dkt. No. 4. Judge Joseph observed that the "petition and accompanying brief allege, *inter alia*, ineffective assistance of counsel and that the trial judge sentenced [the petitioner] based on inaccurate information." Id. at 1. Concluding that the petitioner had stated cognizable *habeas* claims, Judge Joseph allowed the petitioner to proceed and ordered the respondent to answer or otherwise respond to the petition. Id. at 2.

On February 5, 2019, the respondent filed a motion to dismiss the petition. Dkt. No. 8. The respondent argued that the petitioner had procedurally defaulted his claims because the Wisconsin Court of Appeals had rejected them on independent and adequate state law grounds. Dkt. No. 9 at 3-4. On March 31, 2020, this court denied the respondent's motion to dismiss without prejudice. Dkt. No. 14. The court's order construed the petition as asserting three grounds for relief: (1) the petitioner received ineffective assistance of counsel at his sentencing hearing, (2) the circuit court improperly relied on a COMPAS risk assessment in imposing its sentence, and (3) the petitioner received ineffective assistance of appellate counsel. Id. at 3-4. The court observed that Wisconsin allows a challenge to the effectiveness of appellate counsel through a petition to the court of appeals under State v. Knight, 168 Wis. 2d 509 (1992). Id. at 7. Noting that it "[did] not appear" that the petitioner had presented his claim for ineffective assistance of appellate counsel to the Wisconsin Court of Appeals, the court concluded that the petitioner had filed a mixed petition. Id. at 6-7.

The court explained, however, that it "'may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims.'" Id. at 7 (quoting Rhines v. Weber, 544 U.S. 269, 273 (2005)). Stating that it would "give the petitioner a chance to tell the court what he wants to do," the court explained that the petitioner had four options. Id. at 8. It stated that the petitioner could (1) "ask the court to dismiss his entire petition without prejudice while he return[ed] to state court to litigate his unexhausted ineffective assistance of appellate counsel claim," (2) "ask the court to dismiss only his unexhausted claim for ineffective assistance of appellate counsel and proceed with his federal *habeas* petition on the two exhausted claims remaining," (3) "ask the court to stay his federal *habeas* petition while he litigate[d] his ineffective assistance of appellate counsel arguments in state court," or (4) "argue that, under the circumstances, a Knight petition would be ineffective in protecting his rights." Id. at 8-9. The court noted that "[i]f the petitioner . . . wishe[d] to dismiss his unexhausted claim, he should file a status report informing the court of his wishes." Id. at 9.

The court did not deny the respondent's motion on the merits; in its order, the court explained that it "must resolve the 'mixed' nature of the petitioner's *habeas* petition before it [would] consider the respondent's arguments for procedural default based on adequate and independent state law grounds." Id. at 10. It clarified that "[i]f the petitioner decide[d] to forego his third ground for relief, the respondent [could] renew the motion to dismiss." Id.

3

On August 17, 2020, the petitioner "humbly ask[ed] the court to make a ruling on all issues exhausted." Dkt. No. 19 at 1. He said that while he does "not have enough time left on this current sentence to seek justice by filing a Knight Petition," he has shown "several aspects of evidence" demonstrating the ineffectiveness of trial and appellate counsel. Id.

B.     Analysis

The court perceives that the petitioner has decided to proceed with the second option the court presented in its order denying the respondent's motion to dismiss. The court will dismiss the petitioner's unexhausted ineffective assistance of appellate counsel claim. It will provide a briefing schedule at the end of this order for the petitioner's remaining claims. The court will give the respondent sixty days to answer or otherwise respond to the petitioner's remaining claims.

C.     Conclusion

The court **ORDERS** that the petitioner's ineffective assistance of appellate counsel claim is **DISMISSED**.

The court **ORDERS** that the petitioner may proceed on the grounds stated in his *habeas* petition except for his claim that he received ineffective assistance of appellate counsel.

The court **ORDERS** that within sixty days the respondent shall answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing Section 2254 Cases, and showing cause, if any, why the writ should not issue.

4

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

If the respondent files an *answer* to the petition, the petitioner should not object to that answer. Instead,

(1) the petitioner has forty-five days after the respondent files his answer to file a brief in support of his petition (in this brief, the petitioner should explain why he believes the court should grant him the *habeas* relief he requests);

(2) the respondent has forty-five days after the petitioner files his initial brief to file the respondent's brief in opposition to the petition; and

(3) the petitioner has thirty days after the respondent files his opposition brief to file a reply brief, if the petitioner chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion (such as a motion to dismiss the petition), the respondent must include a brief and other relevant materials in support of the motion. The petitioner then must file a brief in opposition to that motion within forty-five days of the date on which the respondent files the motion. If the respondent chooses to file a reply brief, he must do so within thirty days of the date the petitioner files the opposition brief.

The parties must submit their pleadings in time for the court to *receive* them by the deadlines stated above.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions must not exceed thirty pages and

reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Dated in Milwaukee, Wisconsin this 16th day of May, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**