UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TOUSANI C. TATUM,

        Petitioner,

v.                                     Case No. 18-cv-1898-pp

LISA M. AVILA,[1]

        Respondent.

**ORDER DENYING PETITIONER'S MOTION FOR VOLUNTARY DISMISSAL (DKT. NO. 26), GRANTING RESPONDENT'S RENEWED MOTION TO DISMISS (DKT. NO. 23), DENYING CERTFICATE OF APPEALABILITY AND DISMISSING CASE**

On December 3, 2018, the petitioner, representing himself, filed a petition for a writ of *habeas corpus* under 28 U.S.C. §2254 challenging his 2015 conviction in Waukesha County Circuit Court for manufacturing and delivering cocaine. Dkt. No. 1. The respondent has renewed an earlier motion to dismiss the petition. Dkt. No. 24. In an order issued July 14, 2022, the court ordered the petitioner to file his brief in opposition to that motion in time for the court to receive it by August 29, 2022. Dkt. No. 25. On August 22, 2022, the court received from the petitioner his own motion asking that the court voluntarily dismiss the petition without prejudice to allow him to obtain legal

---

[1] The petitioner currently is incarcerated at Sturtevant Transitional Facility. https://appsdoc.wi.gov. The superintendent of that institution is Lisa Avila. https://doc.wi.gov. Under Rule 2(a) of the Rules Governing Section 2254 Cases and Federal Rule of Civil Procedure 25(d), the court has updated the caption to reflect the appropriate respondent.

1

assistance and to return to state court for postconviction proceedings. Dkt. No. 26. The respondent opposes the petitioner's motion, argues that the court should grant the respondent's renewed motion to dismiss and urges the court to dismiss the petition with prejudice. Dkt. No. 27 at 1. The court will deny the petitioner's motion for voluntary dismissal, grant the respondent's renewed motion to dismiss, decline to issue a certificate of appealability and dismiss the case with prejudice.

**I.      Background**

   A.      State Court Case

On June 1, 2012, the State of Wisconsin charged the petitioner with six drug trafficking offenses. State v. Tousani C. Tatum, Sr., Case No. 2012CF687 (Waukesha County Circuit Court) (available at https://wcca.wicourts.gov/). Almost five months later, on October 25, 2012, the petitioner pled guilty to count one (manufacturing and delivering cocaine) and the state dismissed and read in counts two through six. Id. The state court scheduled the sentencing hearing for January 11, 2013. Id. The petitioner did not appear at the January 11, 2013 hearing; the docket indicates that his pre-sentence investigation "ha[d] not been completed due to the Defendant not participating." Id. On January 25, 2013, the state court issued a bench warrant for the petitioner's arrest. Id.

The petitioner absconded and was apprehended in Illinois on February 19, 2015. Dkt. No. 1-1 at 17 (Wisconsin Court of Appeals opinion). On July 15, 2015, the petitioner appeared in Waukesha County for a rescheduled

sentencing hearing. Id. The judge sentenced the petitioner to seven and a half years of initial confinement followed by five years of extended supervision, for a total sentence of twelve and a half years. Id.; see also Tousani, Case No. 2012CF687 (Waukesha County Circuit Court). On July 24, 2015, the petitioner, through counsel, filed a notice of intent to pursue postconviction relief. Id.

On April 26, 2016, the petitioner filed a motion for re-sentencing and a motion for sentence modification. Id. The petitioner based his motion for re-sentencing on allegations of ineffective assistance of counsel. Dkt. No. 1-1 at 2-11. The petitioner contended that his trial counsel was ineffective by failing to adequately review his presentence investigation report, failing "to object to [the petitioner's] shackling in a maximum security inmate security uniform," failing to mention that the petitioner had cooperated with law enforcement, failing to present evidence of the petitioner's health needs as a mitigating sentencing factor and failing to object to the State's "undercutting of the plea agreement." Id. In his motion for sentence modification, the petitioner argued that the trial court erred at sentencing by failing to consider his substance abuse issues as a mitigating factor and sentencing him based on information in the PSI that the petitioner asserted was inaccurate. Id. at 12-14.

In an order dated July 6, 2016, the circuit court denied those motions without an evidentiary hearing. Dkt. No. 1-1 at 1-15. The court determined that the petitioner had failed to provide sufficient facts in his motion for resentencing to show that he was entitled to relief and failed to show that he

3

was prejudiced in any way. Id. at 12. The court stated that at the time of sentencing, it was "well aware of [the petitioner's] medical needs." Id. The court also concluded that the state had not breached the plea agreement. Id. The court found that the petitioner was not entitled to a re-sentencing because the court had considered all the relevant factors, including the petitioner's addiction issues, and that it had "rationally based the sentencing decision on the gravity of the offense." Id. at 14. The court further determined that the petitioner had provided no factual basis to support his allegation that the PSI contained incorrect information. Id.

The petitioner appealed, arguing that the circuit court had erred in denying his ineffective assistance of trial counsel motion without a hearing. Id. at 17. The Wisconsin Court of Appeals denied relief on December 13, 2017. Id. at 16. The court explained that under State v. Allen, 274 Wis. 2d 568 (Wis. 2004),

> [t]he circuit court may deny a postconviction motion for a hearing if all the facts alleged in the motion, assuming them to be true, do not entitle the movant to relief; if one or more key factual allegations in the motion are conclusory; or if the record conclusively demonstrates that the movant is not entitled to relief.

Id. at 18. The court determined that other than arguing that he'd had an insufficient amount of time to review the presentence investigation report, the petitioner had failed to argue that any specific aspect of the report contained inaccuracies and had failed to meet his burden to show that the circuit court actually relied upon inaccurate information at the sentencing. Id. at 19.

4

In finding that the petitioner's ineffective assistance of counsel claims did not warrant an evidentiary hearing, the court held that there was no authority supporting the argument that a defendant who appears for sentencing in jail attire and shackles is prejudiced. Id. The court also agreed with the circuit court that the petitioner had not provided any evidentiary support to show that his trial counsel had failed to mention that the petitioner had assisted law enforcement in another matter; the court recounted that the petitioner's attorney had argued in support of the petitioner's good character at the sentencing. Id. at 19-20. The court concluded that the petitioner's trial counsel had adequately informed the sentencing court of the petitioner's health problems. Id. at 20. As to the petitioner's claim that his counsel failed to object to the prosecutor's sentencing argument (which the petitioner characterizes as having undercut the State's agreed-upon sentencing recommendation), the court found there was no breach of the plea agreement. Id. at 20-21.

The court also addressed the petitioner's argument—raised for the first time in his reply brief—that the circuit court had incorrectly relied upon a Correctional Offender Management Profiling for Alternative Sanctions (COMPAS) assessment presented in his presentence investigation report.[2] Id. at 21. The court found that the circuit court's reference to the COMPAS assessment comported with the requirements of State v. Loomis, 371 Wis. 2d

---

[2] While noting that it typically declines to address issues raised for the first time on appeal, the appellate court stated that it was departing from that approach to address the merits of the petitioner's claim. Id. at 21 (citing State v. Rogers, 196 Wis. 2d 817, 826-27 (Ct. App. 1995)).

235 (Wis. 2017), because the circuit court had not based its sentence on the report, but had indicated only that the report had confirmed its view that the petitioner "was a recidivist from whom the public required protection." Id. at 21-22. On April 9, 2018, the Wisconsin Supreme Court denied discretionary review. Id. at 23.

B.  Federal *Habeas* Petition

On December 3, 2018, the petitioner filed the instant federal petition challenging his 2015 conviction in Waukesha County Circuit Court. Dkt. No. 1. Magistrate Judge Nancy Joseph screened the petition under Rule 4 of the Rules Governing Section 2254 Cases and concluded that the petitioner had stated cognizable federal *habeas* claims alleging, among other things, "ineffective assistance of counsel and that the trial judge sentenced [the petitioner] based on inaccurate information." Dkt. No. 4 at 1-2.

On February 5, 2019, the respondent filed a motion to dismiss the petition, arguing that the petitioner had procedurally defaulted his claims because the Wisconsin Court of Appeals had rejected them on independent and adequate state law grounds. Dkt. No. 9 at 3-4. On March 31, 2020, this court denied that motion to dismiss without prejudice, construing the petition as asserting three grounds for relief: (1) the petitioner received ineffective assistance of trial counsel at his sentencing hearing, (2) the circuit court improperly relied on a COMPAS risk assessment tool in imposing its sentence; and (3) the petitioner received ineffective assistance of *appellate* counsel. Dkt. No. 14 at 3-4. Recognizing that under State v. Knight, 169 Wis. 2d 509 (Wis.

6

1992), Wisconsin law allows a petitioner to make an ineffective assistance claim against *appellate* counsel through a petition to the Wisconsin Court of Appeals, the court noted that it "[did] not appear that the petitioner had presented his claim for ineffective assistance of appellate counsel to the Wisconsin Court of Appeals. Id. at 6-7. The court concluded that the petitioner had filed a mixed petition, containing both exhausted and unexhausted claims. Id. at 7.

The court explained that it "[could] not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims." Id. at 7 (quoting Rhines v. Weber, 544 U.S. 269, 273 (2005)). The court gave the petitioner four options. Id. at 8. The petitioner could (1) "ask the court to dismiss his entire petition without prejudice while he return[ed] to state court to litigate his unexhausted ineffective assistance of appellate counsel claim," (2) "ask the court to dismiss only his unexhausted claim for ineffective assistance of appellate counsel and proceed with his federal *habeas* petition on the two exhausted claims remaining," (3) "ask the court to stay his federal *habeas* petition while he litigate[d] his ineffective assistance of appellate counsel arguments in state court" or (4) "argue that, under the circumstances, a Knight petition would be ineffective in protecting his rights." Id. at 8-9. The court advised the petitioner what action he should take to effectuate each choice, explaining that if he decided he wanted to pursue a Knight petition in state court against his appellate counsel, he must show good cause to stay the

7

federal petition, and that if he chose to dismiss the petition or his unexhausted claims, he needed to file a status report telling the court as much. Id. at 9.

The court did not deny the respondent's motion on the merits; in its order, the court explained that it needed to "resolve the 'mixed' nature of the petitioner's *habeas* petition before it [would] consider the respondent's arguments for procedural default based on adequate and independent state law grounds." Id. at 10. It clarified that "[i]f the petitioner decide[d] to forego his third ground for relief, the respondent [could] renew the motion to dismiss." Id.

The petitioner filed two motions for extensions of time, dkt. nos. 15, 17, both of which the court granted, dkt. nos. 16, 18. On August 17, 2020, the court received a letter from the petitioner, asking the court to "make a ruling on all issues exhausted" because he did "not have enough time left on his current sentence to seek justice by filing a Knight Petition" and he had shown "several aspects of evidence" demonstrating the ineffectiveness of trial and appellate counsel. Dkt. No. 19 at 1. The court perceived this document as the petitioner's request "to proceed with the second option the court presented in its order denying the respondent's motion to dismiss"—in other words, the court concluded that the petitioner was asking the court to dismiss the unexhausted ineffective assistance of appellate counsel claim and allow him to proceed on the exhausted claims. Dkt. No. 21 at 4. The court dismissed the unexhausted claim and required the respondent to answer or otherwise respond to the petitioner's remaining claims within sixty days. Id.

8

## II. Petitioner's Motion to Dismiss (Dkt. No. 26)

### A. Parties' Arguments

On July 13, 2022, the respondent filed a renewed motion to dismiss, arguing that the petitioner's remaining claims are procedurally defaulted because the state court denied the claims on adequate and independent state law grounds. Dkt. No. 24 at 1. Instead of responding to the motion to dismiss, the petitioner filed his own motion to dismiss. Dkt. No. 26. The petitioner stated in the motion that he was "incapable of properly litigating his case further at this time," and he asked to be allowed to voluntarily dismiss the petition "without prejudice to allow him to acquire legal assistance and return to state court for further proceedings, specifically a postconviction motion pursuant to section 974.06(i) Wis Stats, thus, maintaining the option in the future if necessary to bring a habeas corpus petition . . . in the federal district court upon exhaustion of his state remedies." Id.

The respondent opposes this motion, arguing that the court should grant the *respondent's* motion to dismiss for procedural default or, in the alternative, to dismiss with prejudice under Civil Local Rule 7 (E.D. Wis.) and Federal Rule of Civil Procedure 41(b). Dkt. No. 27. The respondent lists three reasons why the court should deny the petitioner's motion to dismiss. First, the respondent argues that because the petitioner failed to respond to the respondent's renewed motion to dismiss, the court should grant that motion on its merits or grant the motion as a sanction under Civil L.R. 7 and Fed. R. Civ. P. 41(b). Id. at 2. Second, the respondent contends that dismissal without prejudice would

9

be "procedurally pointless" because the one-year statute of limitations under 28 U.S.C. §2444(d) ran years ago and a dismissal without prejudice effectively would be a dismissal with prejudice. Id. at 3. The respondent argues that a future *habeas* petition would be barred under §2444(d)(1) because the present case did not toll the one-year period under §2242(d)(2), id. (citing Duncan v. Walker, 533 U.S. 167, 172 (2001)), and asserts that a new collateral motion in state court will not reset the limitations period, id. (citing De Jesus v. Acevedo, 567 F.3d 941, 943 (7th Cir. 2009)). Finally, the respondent argues that, to the extent that the petitioner intended to seek a stay and abeyance, the petitioner rejected that option when the court offered it and the respondent has been prejudiced by that choice by having to file a new motion to dismiss through new counsel. Id. The respondent also contends that the petitioner has not, and cannot, show that a stay would be appropriate under Rhines, 544 U.S. at 277. Id. The petitioner did not file a reply.

    B.    <u>Analysis</u>

Although the petitioner has asked the court to voluntarily dismiss the *habeas* petition, he makes that request so that he can find a lawyer and go back to state court to exhaust any unexhausted claims. The petitioner says that he wants to return to state court to pursue a §974.06(1) motion and maintain the option in the future to bring a §2254 *habeas* petition. The petitioner did not use the word "stay;" he asks for dismissal. But he seeks a form of dismissal that would allow him to go to state court, exhaust any unexhausted claims and then return to federal court to seek federal *habeas*

relief. The court gave the petitioner this very option in its March 31, 2020 order, dkt. no. 14; rather than ask the court to stay the case while he went back to state court, the petitioner asked the court to rule, indicating that he did not have enough time left on his sentence to exhaust his unexhausted claim and that he felt he had given the court enough evidence to support his request for *habeas* relief, dkt. no. 19.

"Stay and abeyance should be available only in limited circumstances." Rhines, 544 U.S. at 277. A district court should grant a stay when "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 278. The petitioner has not shown good cause for his failure to exhaust his ineffective assistance of appellate counsel claim. The petitioner filed his federal *habeas* petition in 2018. He has not explained why he did not pursue this claim after his appeal was denied. He has not explained why he did not ask the court to stay the federal petition at the time he filed that petition in 2018, or why he did not ask the court to do so when the court gave him that option in 2020. The petitioner also has not explained the type of claim he wants to present to the Wisconsin courts. In the brief he filed in support of his petition, the petitioner stated that there was evidence "that was not presented by counsel due [] to deliberate acts of being ineffective on appeal," and he asserted that "had counsel offered the evidence presented to him by this petitioner proving all claims," the court of appeals would have ruled in the petitioner's favor. Dkt. No. 2 at 11. This is not

11

enough information to allow this court to determine whether that claim is "potentially meritorious."

Because the petitioner has failed to show good cause for his delay in failing to exhaust his ineffective assistance of appellate counsel claim and has not demonstrated that that claim is potentially meritorious, the court will deny the petitioner's motion for dismissal without prejudice, and will address the respondent's renewed motion to dismiss.

### III. Respondent's Renewed Motion to Dismiss (Dkt. No. 23)

#### A. Standard

Under the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, a federal court may grant *habeas* relief only if the state court decision was "either (1) 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" Miller v. Smith, 765 F.3d 754, 759-60 (7th Cir. 2014) (quoting 28 U.S.C. §§2254(d)(1), (2)). A federal *habeas* court reviews the decision of the last state court to rule on the merits of the petitioner's claim. Charlton v. Davis, 439 F.3d 369, 374 (7th Cir. 2006).

"'[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.'" Renico v. Lett, 559 U.S. 766, 773 (2010) (quoting Williams v. Taylor, 529 U.S. 362, 410 (2000)). "The 'unreasonable application' clause requires the state

12

court decision to be more than incorrect or erroneous. The state court's application of clearly established law must be objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 71 (2003) (emphasis added). In other words, §2254(d)(1) allows a court to grant *habeas* relief only where it determines that the state court applied federal law in an "objectively unreasonable" way. Renico, 559 U.S. at 773. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 102 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). "The standard under §2254(d) is 'difficult to meet' and 'highly deferential.'" Saxon v. Lashbrook, 873 F.3d 982, 987 (7th Cir. 2017) (quoting Cullen v. Pinholster, 563 U.S. 170, 181 (2011)).

B. Procedural Default

The respondent argues that when the Wisconsin Court of Appeals relied on the Allen rule to reject the petitioner's post-conviction claims, it denied those claims on independent and adequate state law grounds. Dkt. No. 24 at 3-6. The respondent asserts that the court applied Allen when it held that the petitioner had "failed to provide sufficient facts in his [§974.02] motion for resentencing to show that he was entitled to relief" and that "[the petitioner's] allegations about the inaccuracies in the PSI were conclusory and not supported by properly supported evidence." Id. at 4 (quoting Dkt. No. 1-1 at 12). The respondent argues that because the court of appeals denied the

claims on independent and adequate state law grounds, the claims are procedurally defaulted. Id. at 3-6.

One of the ways a criminal defendant can "procedurally default" on a claim—losing his right to federal *habeas* review on that claim—is if the last state court that issued judgment "'clearly and expressly' states that its judgment rests on a state procedural bar." Harris v. Reed, 489 U.S. 255, 263 (1989) (quoting Caldwell v. Mississippi, 472 U.S. 320, 327 (1985)). "Merits review of a habeas claim is foreclosed if the relevant state court's disposition of the claim rests on a state law ground that is adequate and independent of the merits of the federal claim." Triplett v. McDermott, 996 F.3d 825, 829 (7th Cir. 2021). "Federal habeas courts must ascertain for themselves if the petitioner is in custody pursuant to a state court judgment that rests on independent and adequate state grounds." Coleman v. Thompson, 501 U.S. 722, 729 (1991). When considering whether a state court decision rests on independent and adequate state law grounds, federal courts look to "the last *explained* state-court judgment." Ylst v. Nunnemaker, 501 U.S. 797, 805 (1991) (emphasis in original).

A state ground is independent "when the court actually relied on the procedural bar as an independent basis for its disposition of the case." Thompkins v. Pfister, 698 F.3d 976, 986 (7th Cir. 2012). "The test to avoid procedural default in federal court is whether the state court's decision rests on the substantive claims primarily, that is, whether there is no procedural ruling that is independent of the court's decision on the merits of the claims." Holmes

14

v. Hardy, 608 F.3d 963, 967 (7th Cir. 2010). "If the last state court to be presented with a particular federal claim reaches the merits, it removes any bar to federal-court review that might otherwise have been available." Ylst, 501 U.S. at 801. However, "a state court that separately reaches the merits of a substantive claim may also produce an independent procedural ruling that bars federal habeas review." Holmes, 608 F.3d at 967. The question is whether the state court's procedural ruling is primary. If it is, then the procedural ruling is independent. Id. As for adequacy, a state law ground is "adequate" "when it is a firmly established and regularly followed state practice at the time it is applied." Thompkins, 698 F.3d at 986. When considering the adequacy of a state law ground, the court does not consider "whether the review by the state court was proper on the merits." Lee v. Foster, 750 F.3d 687, 694 (7th Cir. 2014).

Allen requires that a defendant's postconviction motion "raise facts sufficient to entitle the movant to relief" rather than "conclusory allegations." Allen, 274 Wis. 2d at 576. The Seventh Circuit has held that "*Allen*'s pleading standard is an adequate and independent state procedural rule." Whyte v. Winkleski, 34 F.4th 617, 625 (7th Cir. 2022) (citations omitted). The Wisconsin Court of Appeals relied on Allen when it affirmed the circuit court's denial of the petitioner's §974.02 postconviction motion as to the petitioner's ineffective assistance of sentencing counsel claims. Dkt. No. 1-1 at 16-22. Citing Allen, the court of appeals explained that "[a] circuit court has the discretion to deny a postconviction motion without a hearing if the motion is legally insufficient."

15

Id. at 17 (citing Allen, 2004 WI 106, ¶12). In denying the petitioner's ineffective assistance of counsel claims, the court of appeals agreed with the circuit court that the petitioner had not met his burden of showing that he was entitled to an evidentiary hearing. Id. at 19-21. Addressing each of the petitioner's six arguments, the appeals court determined that the circuit court had properly concluded that the petitioner was not entitled to an evidentiary hearing. Id. Because the court of appeals relied on Allen in rejecting the petitioner's ineffective assistance of trial claims, those claims are procedurally defaulted.

### C. Cause and Prejudice

If a federal court determines that a petitioner's claims are procedurally defaulted, it must consider whether to excuse that default. Coleman, 501 U.S. at 750. A court may excuse default if the petitioner can show either (1) cause for the default and resulting prejudice or (2) that the failure to consider the federal claim will result in a fundamental miscarriage of justice. Id. (citations omitted). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the state's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). "Prejudice means an error which so infected the entire trial that the resulting conviction violates due process." Weddington, 721 F.3d at 465 (quoting McKee, 598 F.3d at 382)). To show that a miscarriage of justice will occur if the court were to deny *habeas* relief, a petitioner must show that he is actually innocent of the offenses of which he was convicted. Hicks v. Hepp, 871 F.3d 513, 531 (7th Cir. 2017). A petitioner

16

asserting actual innocence as a gateway to a defaulted claim "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt.'" House v. Bell, 547 U.S. 518, 536-37 (2006) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)).

The petitioner has not shown cause or prejudice to excuse his procedural default. He has not asserted that some objective factor external to the defense impeded his counsel's efforts to comply with Allen and has not alleged that an error infected his trial such that his conviction was a violation of due process. Nor has the petitioner argued that he is actually innocent (indeed, he has alleged that the state violated the sentence agreed to in a plea agreement) and he has presented no evidence of actual innocence. He has not shown that a failure to consider his claims will result in a fundamental miscarriage of justice. The court will dismiss the petitioner's ineffective assistance of counsel claim as procedurally defaulted.

### D. Sentencing Claim

The petitioner argues that he is entitled to a new sentencing because the circuit court wrongly relied on COMPAS information and did not meet the requirements in Loomis. Dkt. No. 2 at 7-8. While the court of appeals applied Allen in denying the petitioner's ineffective assistance of trial counsel claims, because the petitioner raised his sentencing claim for the first time on appeal, the court of appeals denied it on the merits. Dkt. No. 1-1 at 21-22. The court of appeals found that the circuit court "gave numerous reasons for the sentence

17

unrelated to the COMPAS assessment in the presentence investigation report" and complied with the requirements of Loomis, which, it explained, allows a court to use a COMPAS risk assessment as long as the assessment is not determinative of the sentence. Id. The court found that the sentencing court had provided the petitioner "an individualized sentence based upon appropriate sentencing factors." Id. at 22.

The court must dismiss the petitioner's claim that the sentencing court improperly relied on the COMPAS assessment in violation of Loomis because claims of errors by a state court in applying state sentencing laws are not cognizable on federal *habeas* review. Dellinger v. Bowen, 301 F.3d 758, 764 (7th Cir. 2002); see also Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (emphasizing "that it is not in the province of a federal habeas court to re-examine state-court determinations on state-law questions"); Bradley v. Lockett, 549 F. App'x 545, 549 (7th Cir. 2013) (noting that sentencing errors are not generally cognizable on collateral review); Shaw v. Wilson, 721 F.3d 908 (7th Cir. 2013) (federal courts can't review a state court's resolution of state-law questions). Even if the circuit court had improperly considered the COMPAS assessment (which it does not appear that it did), this court cannot review the petitioner's claim that the sentencing court's reliance on the COMPAS assessment ran afoul of the sentencing requirements in Loomis.

The court will grant the respondent's renewed motion to dismiss and will dismiss the petition with prejudice.

### IV. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted). The court declines to issue a certificate of appealability because reasonable jurists could not debate that the petitioner is not entitled to *habeas* relief under 28 U.S.C. §2254.

### V. Conclusion

The court **DENIES** the petitioner's motion to dismiss. Dkt. No. 26.

The court **GRANTS** the respondent's renewed motion for dismissal. Dkt. No. 23.

The court **DECLINES** to issue a certificate of appealability.

The court **ORDERS** that this case **DISMISSED WITH PREJUDICE**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 30th day of March, 2023.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**

19

Case 2:18-cv-01898-PP    Filed 03/30/23    Page 19 of 19    Document 28